IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON

MALENA MEADOWS,
JESSICA ABSHIRE,
LESLIE SMITH, and
HEATHER ADKINS,

    Plaintiffs,

v.                                Civil Action No: 2:19-cv-00525

                                (Judge_____)

AMMAR KRAYEM, in his individual
capacity, AM & GH LLC dba Grano,
KAL PRO LLC dba Grano, K STAR LLC,
SANA SAID SULIMAN, in her individual
capacity and ADHAM KALOU, in his
individual capacity,

    Defendants.

## COMPLAINT

Plaintiffs allege and say as follows:

1. This is an action brought by the Plaintiffs on behalf of themselves and others similarly situated to recover damages due and owing to them as a direct result of the defendants' violation of Federal law known as the Fair Labor Standards Act for failure to pay minimum wage to employees pursuant to 29 U.S.C. 206, Fair Labor Standards Act, Section 6.

2. This is an action for money damages, liquidated damages equal to the amount owed, costs, injunctive relief, and attorneys' fees and other relief as a result of

Defendant AM & GH LLC's violation of 29 U.S.C 2016, all of which resulted in a judgment in favor of the plaintiffs, entered on August 15, 2018. Further, this is an action against the defendants under 29 U.S.C. 215, for their actions in assisting or attempting to assist the defendant, AM & GH LLC from paying monies due and owing to the plaintiffs for as the result of the defendant, AM & GH LLC's violation of 29 U.S.C. 206 as set forth in the prior judgment referenced herein.

3. The plaintiff, Malena Meadows at all times material hereto, was a citizen and resident of Kanawha County, West Virginia and was employed by AM & GH LLC.

4. The plaintiff, Jessica Abshire at all times material hereto, was a citizen and resident of Kanawha County, West Virginia and was employed by AM & GH LLC.

5. The plaintiff, Leslie Smith at all times material hereto, was a citizen and resident of Kanawha County, West Virginia and was employed by AM & GH LLC.

6. The plaintiff, Heather Adkins at all times material hereto, was a citizen and resident of Kanawha County, West Virginia and was employed by AM & GH LLC.

7. At all times alleged herein, AM & GH LLC, was a West Virginia corporation and qualified to do business and is doing business in Southern District of West Virginia, and further, AM & GH LLC operated a place of business known as Grano, a restaurant located in Kanawha County, West Virginia and is within the jurisdiction of this Court. Further, AM & GH LLC was an employer engaged in interstate commerce as that term is defined under the Fair Labor Standards Act.

8. At all times alleged herein, Ammar Krayem, was an individual within the Southern District of West Virginia and is within the jurisdiction of this Court. Further, Ammar Krayem is a person as defined under the Fair Labor Standards Act.

9. At all times alleged herein, KAL PRO LLC, was a West Virginia corporation and is qualified to do business and is doing business in Southern District of West Virginia, and further, KAL PRO LLC operates a place of business known as Grano, a restaurant in Kanawha County, West Virginia and is within the jurisdiction of this Court. Further, KAL PRO LLC is a person as defined under the Fair Labor Standards Act.

10. At all times alleged herein, K STAR LLC, was a West Virginia corporation and is qualified to do business and is doing business in Southern District of West Virginia and is within the jurisdiction of this Court. Further, K STAR LLC is a person as defined under the Fair Labor Standards Act.

11. At all times alleged herein, Sana Said Suliman, was a person in Southern District of West Virginia and is within the jurisdiction of this Court. Further, Sana Said Suliman is a person as defined under the Fair Labor Standards Act.

12. At all times alleged herein, Adham Kalou, was a person within the jurisdiction of this Court. Further, Adham Kalou is a person as defined under the Fair Labor Standards Act.

13. The United States District Court for the Southern District of West Virginia has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the Federal Fair Labor Standards Act, 29 U.S.C. § 215 and 216(b).

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c) because the Defendants may be found in this district and the challenged conduct occurred in this state.

15. On September 23, 2015, the plaintiffs initiated a cause of action against the defendant, AM & GH LLC doing business as Grano in the Southern District of West Virginia Case Number 2:15-CV-13370 for the failure to pay wages under the Fair Labor Standards Act.

16. The defendant, Ammar Krayem is the sole member of the defendant, AM & GH LLC.

17. In August of 2018, the Honorable Judge Johnston was determining damages owed to the plaintiffs by the defendant, AM & GH LLC.

18. In an attempt to escape a pending judgment for failure to pay wages under the FLSA, defendants AM & GH LLC and Ammar Krayem began to devise a scheme in which they would sell the assets of the defendant, AM & GH LLC, and place proceeds from the sale of said assets in the name of the defendant, K STAR LLC of which the defendant Ammar Krayem was one of two members.

19. In order to liquidate said assets, the defendant, Ammar Krayem, entered into an "Agreement", **Exhibit A** with the defendant, Sana Said Suliman on August 2, 2018, in which the Grano restaurant and all of its assets would be transferred to the defendant Sana Said Suliman in exchange for the ownership of two houses valued at over $140,000.00. The agreement called for a closing date of September 1, 2018.

20. On August 14, 2018, a formal agreement was entered into between the defendant, Sana Said Suliman and the defendant, AM & GH LLC (See, **Exhibit B**).

21. On August 15, 2018, the Honorable Judge Johnston of the Southern District of West Virginia denied defendant AM & GH LLC's request to delay the case six months and entered an Order awarding the plaintiffs a total of $52,517.67 as a result of the defendant, AM & GH LLC violating the Fair Labor Standards Act. (See, **Exhibit C**).

22. On August 20, 2018, defendant Sana Said Suliman and the defendant Adham Kalou, her son, then formed an LLC to place the assets to be purchased by the defendant, Sana Said Suliman, from the defendant, AM & GH LLC into the entity identified as KAL PRO LLC. (See, **Exhibit D**)

23. On August 20, 2018, defendant Ammar Krayem formd an LLC to place the proceeds of assets sold to the defendant Sana Said Suliman from the defendant, AM & GH LLC into the entity identified as K STAR LLC. (See, **Exhibit E**)

24. On August 31, 2018, a *Bill of Sale and Assignment* was entered into between the defendant, AM & GH LLC and the defendant, KAL PRO LLC in which the defendant, KAL PRO LLC would receive all of the Inventory, Office Equipment, Machinery, Books, Records, Intangible Assets and all Assigned and Assumed Contracts along with the name "Grano" and any variations thereof and the Grano location from the defendant, AM & GH LLC. (See, **Exhibit F**)

25. On September 3, 2018, a Settlement Statement was completed in which the defendant, Sana Said Suliman and the defendant, KAL PRO LLC were listed as "sellers" and would pay to the borrowers -- defendants, AM & GH LLC and K STAR LLC, $140,000.00 in exchange for receiving in value $140,000.00 from the defendant, AM & GH LLC. (See, **Exhibit G**)

26. Despite the fact that the defendant, Sana Said Suliman was paying the defendant, AM & GH LLC some $140,000.00 to purchase all assets and the name Grano from said defendant, AM & GH LLC, on or about August 31, 2018 the defendant, Sana Said Suliman deeded over two pieces of property to the defendant, K STAR LLC. (See, **Exhibit H**)

27. At all times the defendants Sana Said Suliman and Adham Kalou, as the only members of KAL PRO LLC, were aware that the plaintiffs had a pending civil action in the Southern District of West Virginia as a result of the defendant, AM & GH LLC's failure to pay wages due under the FLSA. (See, **Exhibit I**)

28. The defendant, Ammar Krayem as the sole member of AM & GH LLC, was at all times herein attempting to hide the assets of the defendant, AM & GH LLC to avoid payment to the plaintiffs.

29. The defendants, Sana Said Suliman, Adham Kalou, and KAL PRO LLC, during all times herein were acting to assist the defendant, AM & GH LLC and the defendant, Ammar Krayem in hiding assets from the plaintiffs or in the fraudulent transfer of said assets.

30. The defendant, K STAR LLC was incorporated on August 20, 2018, for the sole purpose of hiding or fraudulently transferring the assets of the defendant, AM & GH LLC.

**COUNT ONE
VIOLATION OF THE
FAIR LABOR STANDARDS ACT**

31. That the preceding paragraphs are realleged as if restated herein.

32. Based on the foregoing, Defendants conduct in this regard was a violation of the Federal Fair Labor Standards Act 29 U.S.C. 215 which prohibits any persons from violating Sections 206 and 207.

33. All of the defendants were aware that the plaintiffs either had a judgment or a pending judgment against their employer, the defendant, AM & GH LLC.

34. The defendants acted in concert to deny the plaintiffs wages that were due to them pursuant to 29 U.S.C 206 as set forth in the Court's order attached as **Exhibit C**.

35. The Plaintiffs are entitled to judgment against all of the defendants for the amount found to be due and owing by the Court along with any additional attorneys' fees and court costs.

36. Based on the foregoing, Defendants conduct in this regard was a violation of the Federal Fair Labor Standards Act.

## COUNT TWO
## FRAUDULENT TRANSFER

37. The preceding paragraphs are realleged as if restated herein.

38. The acts of the defendants as set forth herein constitute a fraudulent transfer of the funds of the defendant, AM & GH LLC and as such the plaintiffs request that the Court order the return of said funds so that the judgment against the defendant, AM & GH LLC can be satisfied.

## COUNT THREE
## SUCCESSOR LIABILITY

39. The preceding paragraphs are realleged as if restated herein.

40. The defendant, KAL PRO LLC is a successor company of the defendant, AM & GH LLC and as such is liable for the judgment due and owing to the plaintiffs.

## COUNT FOUR
## INJUNCTIVE RELIEF

41. The preceding paragraphs are realleged as if restated herein.

42. The plaintiffs request that Court grant an injunction prohibiting the defendants from selling or transferring any of the assets that were paid or acquired in the "sale" of Grano from the defendant, AM & GH LLC to the defendant, KAL PRO LLC.

   **WHEREFORE**, the Plaintiffs demand:

   a) Judgment against the Defendants for an amount equal to judgement Order entered by Judge Thomas Johnston on August 15, 2018, plus interest;

b) Injunctive Relief prohibiting the defendants from selling or transferring any of the assets that were paid or acquired in the sale of Grano;

c) Attorney fees and costs; and

d) Such further equitable and legal relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

<u>**MALENA MEADOWS, et al.**</u>
**By Counsel**

*s/J. Michael Ranson*
_____
**J. Michael Ranson State Bar # 3017**
**Cynthia M. Ranson State Bar # 4983**
RANSON LAW OFFICES, PLLC
1562 Kanawha Blvd., East
Charleston, West Virginia 25311
(304) 345-1990
cmr@ransonlaw.com
jmr@ransonlaw.com

**G. Patrick Jacobs, WVSB # 1867**
JACOBS LAW OFFICES, PLLC
7020 MacCorkle Ave., SE
Charleston, West Virginia 25304
(304) 926-6676
pjacobs@bjblaw.com

**Counsel for Plaintiffs**